CASE 13—PETITION EQUITY—MARCH 25.

## Miller v. Denny, &c.

|99   53|
|f103 720|

APPEAL FROM ROCKCASTLE CIRCUIT COURT.

1. VENDEE'S RIGHT TO SELL—RESTRICTION THEREOF IN DEED.— Where it is provided in a deed by two vendors to a vendee that the vendee is not to dispose of his interest in the property conveyed without the consent in writing of the two vendors, the vendee can, nevertheless, convey and pass title to his interest therein to one of the vendors without the written consent of the other.

2. VENDOR'S LIEN FOR DAMAGE BY REASON OF VENDEE'S FAILURE TO PERFORM CERTAIN SERVICES WHICH WERE THE CONSIDERATION FOR THE DEED.—Where the deed shows that the vendee was to render certain service and perform certain work as consideration for the land, and the vendor has been damaged by his failure to do so, he can recover such damage and is entitled to a lien on the vendee's interest in the land for the payment of the same, and the lien is superior to the purchase-money lien, under the sale by the vendee to one of the vendors, although the notes for the same have been assigned to others.

W. O. BRADLEY FOR APPELLANT.

1. The office of the *habendum* is to limit and define the estate granted, and while, as a general rule, it must give way to the granting words of the deed when clearly contradictory of them, yet it should certainly be resorted to equally with the balance of the instrument, to arrive at the intention of the maker, which must

govern when ascertainable. Where the intention does not appear, then the words of grant should govern, if repugnant to the *habendum,* but if the intention is apparent, then it should govern. (Henderson v. Mack, 82 Ky., 380.)

WM. HERNDON AND C. C. WILLIAMS FOR APPELLEES.

1. Contracts which attempt to destroy the power of alienation, especially those which seek to prevent the owner of real estate from disposing thereof as he wishes, are void. (Turner v. Johnson, 7 Dana, 440.) Miller's remedy in this case is against Ashby for a breach of the covenants contained in the writing.
2. Miller can not recover in this case because

(*a*). His pleadings do not state a cause of action against the Spillmans or Fish.

(*b*). The clause of the contract forbidding a sale of the land, was an attempted restriction on alienation, and, therefore, void.

(*c*). Denny, Spillman, nor Fish assumed the undertakings imposed upon Ashby by the writing; those undertakings were personal to Ashby, and not assignable.

(*d*). The only damages alleged are speculative, and the effort to prove them is in speculative language.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This appeal is prosecuted by John W. Miller from a judgment of the Rockcastle Circuit Court, rendered in the action of A. T. Fish against George Denny, John W. Miller, etc.

The claim of plaintiff is that one S. K. Ashby once owned an undivided third of the land described in the petition, and conveyed the same to George Denny, and that Denny executed the notes sued on for the balance of the purchase money due on the land, which notes were assigned to plaintiff. It also appears that Denny afterwards sold two-thirds of the land to one Spillman, who died, and the Spillman defendants hereto are his executors.

The appellant, Miller, answered, and made his answer a cross petition against Ashby, the plaintiff, and the Spillmans. His contention is that Ashby could not pass title to

Denny, and that the land sought to be sold by plaintiff is not subject to the lien claimed by plaintiff; and that if it is, he (appellant) has a lien upon it superior to plaintiff's for a large amount, growing out of Ashby's failure to comply with his contract. He also asks judgment for same against the Spillmans as executors of their father.

Appellant bases his claim upon a written contract executed by him and George Denny to and with said Ashby, and accepted by and put to record by Ashby.

It seems from the record and briefs that Denny and Miller once owned the entire tract of land, and that upon some terms and conditions a life estate was sold to Ashby in one-half the land, and that Ashby became dissatisfied and another contract was made, which is in the following language:

"Whereas, John W. Miller and George Denny are the owners of a tract of land in Rockcastle county, Ky., about one mile east of Mt. Vernon; and, whereas, the said Miller and Denny did, on the 4th day of November, 1884, enter into an agreement, by contract written, with one S. K. Ashby, by the terms of which contract the said Ashby was to plant a portion of said tract of land in fruit trees, which has been done; and, whereas, the said Ashby is desirous of changing the contract, and enter into a new and different one as to terms and so on, which terms being agreeable to the aforesaid Miller and Denny, therefore, it is agreed by all the parties concerned to-wit, John W. Miller, George Denny, Sr., and S. K. Ashby, that the contract above referred to be set aside and held for naught, and the following be made binding in lieu thereof: Now, the premises considered, it is agreed for the consideration that the said Ashby binds himself, and agrees to, at his indivdual expense, properly care for and keep trimmed the orchard

now growing upon the above-described boundary of land, and to replant same as a vacancy occurs by reason of the death of trees or otherwise, and to plant out another portion of the farm in fruit trees (apples and peaches), adapted to their growth, the said Ashby being allowed a reasonable time in which to do said work. Said Ashby is to keep up the fencing now upon the place, and make such other fences as is necessary to inclose the place and divide the same up properly, he having the right to use the timber upon the place suitable for such fencing. He also has the privilege of getting all the fuel from the place, either of wood or coal, necessary to run the fires of his own residence and any tenant house upon the place which may be occupied, but not to market any timber or suffer it to be wasted or destroyed.

"The said Ashby further agrees, at his individual expense, to gather all the fruit at the various and proper times and buildings or cellars upon the farm as shall hereafter be prepared to store same away; and the fruit to be divided, when marketed or manufactured, share and share alike—that is to say, that the said John W. Miller is to have one-third, George Denny one-third, and S. K. Ashby one-third. The said Ashby is to have the benefit of the crops grown upon said land other than the fruits, which are to be divided equally as above set forth.

"In consideration of the foregoing the said Miller and Denny do by these presents convey in fee simple to said S. K. Ashby, his heirs and assigns, one undivided one-third interest in and to the tract of land heretofore described, being the same bought by them from J. L. Joplin, as now of record in the clerk's office of the Rockcastle County Court, for which reference is made for the description of the boundary now specified. There is reserved in said conveyance, however, all that portion of said boundary of land lying north

of the Knoxville Branch of the Louisville & Nashville Railroad, and supposed to contain some four or five acres, be the same more or less.   This deed and contract is to remain in full force as long as the said Ashby, or any one for him, shall well and truly carry out the stipulations of the contract as above set forth, the said Ashby not to dispose of his interest herein conveyed to him to any person or persons without the consent in writing of the aforesaid Miller and Denny.

"Given under our hands this the 4th day of November, 1884.                 .                Signed:

> "JOHN  W.  MILLER.
> "GEORGE DENNY."

The foregoing deed was duly acknowledged and recorded in the county clerk's office.   It is claimed that the contract referred to in the foregoing contract was dated in 1883, not 1884.

On the 15th of October, 1886, Ashby and wife conveyed the interest of Ashby in the said tract of land to Denny by general warranty.   The expression in the deed is:   "Have bargained, sold and conveyed, and do hereby convey, unto George Denny all of our interest in the farm upon which I now live, being owned equally by John W. Miller, George Denny and myself, said land lying in Rockcastle county, State of Kentucky, one mile east of Mt. Vernon, containing about 198 acres."

The deed shows the notes were executed for part of the purchase money.   There is no claim that Ashby had the written consent of Miller to make the sale, but it is claimed that Miller acquiesced for a time in the sale, but the proof shows that Miller knew nothing of the sale until some time after it was made, and never did assent to it.   The testimony conduces strongly to show that appellant has sus-

tained great damage by the failure of Ashby to comply with his contract.

It is not pretended that Denny's vendees attempted to comply with the contract of Ashby, their contention being that they were not bound to do so. Ashby is a non-resident of this State, and made no defense.

It is in proof that Denny is insolvent, and has been since his conveyance of his two-thirds interest in the said land, which conveyance was made October 4, 1887. The consideration expressed is $5,000. The consideration expressed in the deed to Denny from Ashby for the one-third is $1,900, of which $1,000 was paid in a farm in Madison county.

Upon final hearing the court dismissed appellant's cross petition and rendered judgment in plaintiff's favor, and adjudged that plaintiff had a lien for the payment thereof on the one-third of the land, and adjudged a sale of the same. The one-third interest was appraised at.$700, and purchased by plaintiff at $400. The questions presented for decision here are:

1. Could Ashby sell and pass a perfect title to one-third of the said tract of land?

2. Has appellant a lien on said third for the damages he sustained by the failure of Ashby to comply with the covenants of the bond or deed heretofore copied?

We think that Ashby could sell and pass title to Denny without the written consent of Miller, but the deed clearly shows that Ashby was to render certain service and perform certain work as consideration for the land, and if he failed to do so, and if appellant has been damaged thereby, he is entitled to recover, and is entitled to a lien on the one-third of the land sold to Ashby for the payment of the same, which lien is superior to that of plaintiff Fish. The proof

as to damage is not sufficiently clear for this court to fix the amount.

The judgment of the court below is reversed and cause re·manded, with directions to ascertain the damage sustained by Miller by reason of the failure of Ashby to comply with his contract, and to adjudge appellant a lien upon said land therefor (the issue as to damages to be submitted to a jury, if either party desires it), and for proceedings consistent with this opinion.